Kathryn O. REINHOLD,
Plaintiff–Appellee,

v.

COMMONWEALTH OF VIRGINIA;
Virginia School for the Deaf and
Blind, Defendants–Appellants.

No. 96–2816.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 29, 1997.

Decided Aug. 4, 1998.

**ARGUED:** Guy Winston Horsley, Jr., Senior Assistant Attorney General, Office of the Attorney General, Richmond, Virginia, for Appellants. Harris Dewey Butler, III, Butler, Macon, Williams, Pantele & Lowndes, P.C., Richmond, Virginia, for Appellee. **ON BRIEF:** James S. Gilmore, III, Attorney General of Virginia, Catherine C. Hammond, Deputy Attorney General, Office of the Attorney General, Richmond, Virginia, for Appellants. Thomas L. Kemp, Kemp & Kemp, P.A., Elkton, Maryland, for Appellee.

Before MURNAGHAN, NIEMEYER, and HAMILTON, Circuit Judges.

Vacated and remanded by published opinion. Opinion, 135 F.3d 920, superseded. Judge HAMILTON wrote the opinion, in which Judge MURNAGHAN and Judge NIEMEYER joined.

## ORDER

The petitions for rehearing filed by all parties to this appeal, Appellants Virginia School for the Deaf and Blind (VSDB) and the Commonwealth of Virginia (the Commonwealth) and Appellee Kathryn Reinhold, are granted. The opinion issued on February 6, 1998, *Reinhold v. Commonwealth of Va.*, 135 F.3d 920 (4th Cir.1998), is withdrawn.

## OPINION

HAMILTON, Circuit Judge:

The Commonwealth and VSDB (collectively, the Appellants) appeal the district court's denial of their renewed motion for judgment as a matter of law as to Reinhold's claim of sexual harassment in violation of Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000e–2(a)(1). The Appellants argue that the district court erred when it denied their motion following a jury verdict in Reinhold's favor. In light of the Supreme Court's recent decisions in *Faragher v. City of Boca Raton,* —— U.S. ——, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998), and *Burlington Indus., Inc. v. Ellerth,* —— U.S. ——, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998), we vacate the district court's judgment and remand for further proceedings consistent with this opinion.

### I.

The Appellants appeal the district court's denial of their renewed motion for judgment as a matter of law. Therefore, we consider the evidence presented at trial in the light most favorable to Reinhold, the nonmoving party. *See Price v. City of Charlotte,* 93 F.3d 1241, 1249 (4th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1246, 137 L.Ed.2d 328 (1997).

Our now vacated opinion, issued on February 6, 1998, *see Reinhold v. Commonwealth of Va.,* 135 F.3d 920 (4th Cir.1998), contains an exhaustive recitation of the facts pertinent to this appeal. We incorporate the statement of the facts contained in that opinion and include here only a brief synopsis.

Reinhold was employed as a school psychologist at VSDB in Hampton, Virginia, from August 23, 1990 to April 16, 1992. Reinhold alleges that beginning in late July or early August 1991 and lasting until at least late February 1992 she was subject to unwelcome sexual advances from her supervisor at VSDB, Dennis Martin, and that Martin's conduct constituted sexual harassment in violation of Title VII.

On January 31, 1996, Reinhold filed this suit against the Appellants in the United States District Court for the Eastern District of Virginia, alleging that Martin had sexually harassed her and that she had been retaliated against for complaining about that harassment, both in violation of Title VII of the 1964 Civil Rights Act. *See* 42 U.S.C. §§ 2000e–2(a)(1), 2000e–3(a). Specifically, Reinhold alleged that she had been the victim of both *quid pro quo* sexual harassment and a hostile work environment based on sex.

Reinhold alleged further that the Appellants were liable for Martin's conduct.

On October 28 and 29, 1996, the case was tried before a jury. The Appellants moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a) following the close of Reinhold's evidence and following the close of all of the evidence. Both motions were denied, and the case was submitted to the jury. The jury returned a verdict in favor of Reinhold on both counts of sexual harassment—hostile work environment sexual harassment and *quid pro quo* sexual harassment—and awarded her $85,000 in compensatory damages. The jury found against Reinhold on her retaliation claim.

On October 31, 1996, the district court entered judgment in favor of Reinhold on her sexual harassment claims and in favor of the Appellants on her retaliation claim. On November 7, 1996, the Appellants renewed their motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b). On December 13, 1996, the district court denied the Appellants' motion. The Appellants noted a timely appeal.

On February 6, 1998, we issued an opinion affirming the district court's denial of judgment as a matter of law as to Reinhold's claim of *quid pro quo* sexual harassment but reversing the district court's denial of Appellants' motion as to Reinhold's claim of hostile work environment sexual harassment. *See Reinhold*, 135 F.3d at 920 (Niemeyer, J., dissenting in part). In our opinion, we held that Appellants could not be held liable for any hostile work environment created by Martin, because as soon as VSDB learned of the harassment, it took adequate remedial action that resulted in the cessation of the offensive conduct. *See id.* at 930–31. In so holding, we relied on prior precedent establishing that in order for an employer to be held liable for a hostile work environment created by a supervisor in violation of Title VII, the plaintiff must show that "the employer knew or should have known of the illegal conduct and failed to take prompt and adequate remedial action," *Andrade v. Mayfair Management, Inc.*, 88 F.3d 258, 261 (4th Cir.1996). *See Reinhold*, 135 F.3d at 929.

We also held in our February 6, 1998 opinion, with Judge Niemeyer dissenting, that the district court properly denied Appellants' renewed motion for judgment as a matter of law as to Reinhold's claim of *quid pro quo* sexual harassment because Reinhold had established all of the elements necessary for such a claim, including a tangible job detriment suffered as a result of her rejection of Martin's sexual advances. *See Reinhold*, 135 F.3d at 932–34. In holding that Reinhold had produced sufficient evidence to support a finding that she suffered a "tangible job detriment," we rejected Appellants' argument that Reinhold had not suffered a tangible job detriment because she had not suffered an ultimate employment action, such as firing or demotion. *See id.* at 933. Rather, relying on the definition of "tangible job detriment" contained in *Spencer v. General Elec. Co.*, 894 F.2d 651, 658 (4th Cir.1990), and the EEOC Guidelines, *see* 29 C.F.R. § 1604.11(a)(2) (1996), we held that Reinhold's evidence that Martin assigned her extra work, gave her inappropriate work assignments, and denied her the opportunity to attend a professional conference constituted a "tangible job detriment" sufficient to support a claim of *quid pro quo* sexual harassment. *See Reinhold*, 135 F.3d at 933–34.

Following the issuance of our opinion, both Reinhold and Appellants filed petitions for rehearing with suggestions for rehearing *en banc*. While these petitions were pending in this court, the Supreme Court issued its opinions in *Faragher* and *Ellerth*. We now consider the impact of these decisions on this case.

## II.

In *Faragher* and *Ellerth*, the Supreme Court announced the appropriate standards to be applied in determining whether an employer may be held liable for a supervisor's sexually harassing conduct in violation of Title VII. First, when a supervisor's sexual harassment of an employee culminates in a "tangible employment action," such as discharge, demotion, or undesirable reassignment, the employer is liable for the harassment, regardless of whether the employer knew or should have known of the

harassment and regardless of whether the employer took remedial steps to end the harassment after learning of it. *See Faragher*, 118 S.Ct. at 2292–93; *Ellerth*, 118 S.Ct. at 2270. The Court defined "tangible employment action" in *Ellerth* as "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Ellerth*, 118 S.Ct. at 2268–69. Although a "tangible employment action" may not always involve economic harm, the Court stated in *Ellerth* that "[a] tangible employment action in most cases inflicts direct economic harm." *Id.*

■ Second, where the employee does not suffer a tangible employment action, but rather suffers an actionable hostile environment based on sex, the employer is still vicariously liable for the hostile environment created by its supervisor, *unless* the employer can prove by a preponderance of the evidence: (1) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior; and (2) that the employee "unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer to avoid harm." *Id.* 118 S.Ct. at 2270. With respect to the first prong of this affirmative defense, the Court stated in *Ellerth* that proof that the employer had promulgated an anti-harassment policy with a complaint procedure was not necessary in every instance as a matter of law. *See id.* However, in *Faragher*, the Court held the defendant employer's policy ineffective as a matter of law where: (a) the policy did not include any mechanism by which the employee could bypass the harassing supervisor when lodging a complaint; and (b) the employer was the City of Boca Raton, Florida and "those responsible for city operations could not reasonably have thought that precautions against [sexually] hostile environments in any one of many departments in far-flung locations could be effective without communicating some formal policy against harassment." *Faragher*, 118 S.Ct. at 2293–94.

■ In this case, Reinhold's evidence does not support the conclusion that she suffered a "tangible employment action" sufficient to give rise to the automatic imputation of liability against Appellants for Martin's actions. · As the Supreme Court made clear in *Ellerth*, a "tangible employment action" requires "*a significant change in employment status.*" *Ellerth*, 118 S.Ct. at 2268–69 (emphasis added). While Reinhold alleges that she was assigned extra work and suffered other harm as a result of her rejection of Martin's sexual advances, she does not allege that she experienced a change in her employment status akin to a demotion or a reassignment entailing significantly different job responsibilities.

The next question, then, is whether Reinhold produced sufficient evidence from which a reasonable jury could conclude that she was the victim of a severe and pervasive hostile work environment. In *Faragher*, the Supreme Court reaffirmed its previously articulated standard for determining when a plaintiff has established a hostile work environment in violation of Title VII, stating that a plaintiff must establish that the environment was "both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Faragher*, 118 S.Ct. at 2283–84 (citing *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21–22, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)). In this case, Reinhold produced evidence that Martin repeatedly tried to kiss her; recited a poem about the first time he masturbated; gave her "pills" containing sexually explicit messages; used meetings alone with her to tell her that he could not control his feelings for her, felt like grabbing her all day, and could not take his eyes off of her; threatened her with suspension and extra work assignments if she continued to refuse his advances; gave her a collection of erotic poetry, entitled "Rein's Hold—A Story of the Heart," which included explicit sexual passages; and assigned her extra and inappropriate work· assignments that were not .included in her job description. *See Reinhold*, 135 F.3d at 924–26. On appeal, Appellants concede that Reinhold "was subjected to a hostile work environment because of her sex" (Appellants' Br. at 19); they challenge only

whether they may properly be held liable for the hostile work environment created by Martin. Therefore, we need not decide whether Reinhold's evidence is sufficient to support a finding·that she was subjected to a hostile work environment based on her sex, and we express no opinion on this issue.

 Finally, then, the question becomes whether Appellants can avoid liability for Martin's conduct by proving by a preponderance of the evidence (1) that they exercised reasonable care to prevent and correct promptly Martin's sexually harassing behavior, and (2) that Reinhold unreasonably failed to avail herself of any preventive or corrective opportunities. *See Faragher,* 118 S.Ct. at 2292–93; *Ellerth,* 118 S.Ct. at 2270. Because the promulgation of an effective policy against sexual harassment by the Appellants and the reasonableness of Reinhold's actions in light of her employer's policies were not at issue in the district court, there appears to be scant evidence in the record on these points. It is undisputed that Reinhold did not complain to a school official about the harassment until March 9, 1992 and, following prompt remedial action by VSDB, Martin did not harass her again. However, there is little evidence as to the existence of a policy against sexual harassment and, in particular, as to whether such policy could properly be deemed to contain an effective complaint procedure or to evidence the exercise of reasonable care on the part of VSDB and the Commonwealth.

### III.

We, therefore, conclude that this record is insufficient to enable us to decide this appeal in light of the standard for employer liability in sexual harassment cases announced by the Supreme Court in *Faragher* and *Ellerth.* Specifically, whether the judgment in favor of Reinhold is proper depends on Appellants' ability to establish the affirmative defense, thereby avoiding liability for Martin's conduct, as articulated by the Supreme Court in *Faragher* and *Ellerth.* We are, therefore, constrained to grant the parties' petitions for rehearing, withdraw our February 6, 1998 opinion, vacate the district court's judgment in favor of Reinhold on her sexual harass-

ment claims, and remand this case to the district court for further proceedings consistent with this opinion.

*VACATED AND REMANDED.*